UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **KEITH LEBLANC** | * | **CIVIL ACTION NO. 10-0731** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **NYLIFE SECURITIES, L.L.C., ET AL** | * | **MAGISTRATE JUDGE HILL** |

## RULING ON MOTION TO AMEND/CORRECT COMPLAINT

On June 14, 2010, the undersigned held a telephone conference on the Motion for Leave of Court to File First Amended and Supplemental Petition for Damages filed by plaintiff, Keith LeBlanc, on May 28, 2010. [rec. doc. 9]. After hearing the arguments of counsel, the motion was taken under advisement. [rec. doc. 14]. Plaintiff was granted leave to file a reply, which was filed on June 24, 2010. [rec. doc. 19]. Based on the following reasons, the motion is **GRANTED**.

### *Background*

On March 20, 1010, plaintiff, Kevin P. LeBlanc ("LeBlanc"), filed a Petition for Damages against Mark Edward Duck ("Duck"), NYLIFE Securities, L.L.C. New York Life Insurance Company, and New York Life Insurance and Annuity

Corporation (collectively, "NY LIFE") in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana.

LeBlanc alleges that while working for British Petroleum ("BP"), he established an Individual Retirement Account ("IRA").[1] In 2002, he began receiving long-term disability benefits ("LTD") from CIGNA Group Insurance Company ("CIGNA") based on a medical condition which precluded him from being able to work. In May, 2005, he met with Duck, an agent/broker with NYLIFE, who solicited him to rollover his IRA account with BP into a NYLIFE IRA. LeBlanc alleges that during these meetings, Duck represented that rolling over the BP IRA into the NYLIFE IRA would not terminate his LTD benefits through CIGNA. On June 6, 2005, LeBlanc executed a NYLIFE IRA application based on Duck's representations.

After the rollover occurred, CIGNA continued to make long-term disability payments for several years. However, on August 21, 2009, CIGNA sent LeBlanc a letter demanding reimbursement of $66,484.95, representing the LTD benefits paid to him from August 2005 to August 2009, due to the rollover from the BP

---

[1] In reviewing the sufficiency of a complaint, the court accepts the allegations as true, viewing them in the light most favorable to the plaintiff. *Jamieson By and Through Jamieson v. Shaw*k, 772 F.2d 1205, 1209 (5th Cir.1985) (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

account to the NYLIFE account. CIGNA also advised that it was terminating all future benefits, totaling $83,048.00, that LeBlanc would have received until age 65.

On March 26, 2010, LeBlanc filed a suit in state court seeking money damages from defendants totaling over $232,417.42 for his alleged losses due to the reimbursement of his long-term disability benefits to CIGNA, loss of future benefits, and penalties for early withdrawals from his IRA. His original petition alleged that such damages were caused by the negligence and/or fault of Duck and NYLIFE.

On April 29, 2010, NYLIFE removed the action to this Court on the basis of diversity jurisdiction. On May 28, 2010, LeBlanc filed the instant Motion for Leave of Court to File his First Amended and Supplemental Petition for Damages, in which he added allegations of fraud and stated with more particularity his claims as to the type of variable annuity he purchased. [rec. doc. 9]. On June 11, 2010, NYLIFE filed opposition on the grounds that plaintiff's motion was improperly filed for the sole purpose of defeating jurisdiction, and that plaintiff's proposed supplemental and amended claims are futile. [rec. doc. 13]. At a telephone hearing on June 14, 2010, plaintiff was granted leave to file a reply, which reply was filed on June 19, 2010 [rec. docs. 15, 19].

### *Analysis*

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given "when justice so requires." *Bell v. Herod*, 2010 WL 760472, *3 (5th Cir. (May 4, 2010). A district court has the discretion to consider numerous factors in evaluating whether to allow amendment, including the futility of amending, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Here, NYLIFE opposes the motion to amend on the grounds that: (1) the amendment was filed in order to destroy diversity, and (2) LeBlanc's claims against Duck are futile, since they are perempted by LA. REV. STAT. 9:5606, and that therefore the fraud claims cannot be maintained.

LA. REV. STAT. 9:5606 provides, in pertinent part, as follows:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue *within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered*. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

4

(emphasis added).

    This statute further states that:

> C. The peremptive period provided in Subsection A of this Section *shall not apply in cases of fraud*, as defined in Civil Code Article 1953.

(emphasis added).

    Here, the original complaint was filed in state court on March 26, 2010, alleging negligence against all defendants.  In that pleading, LeBlanc made specific allegations as to Duck's fault, including the fact Duck had made "misrepresentations" to LeBlanc.  Two months later, on May 28, 2010, he requested leave to amend his complaint to add specific allegations of fraud, and to clarify that the variable annuity product he purchased was not an insurance product, but rather an annuity dependent upon the performance of mutual funds. [rec. doc. 1, Exhibit A, ¶ 22].

    Although LeBlanc did not specifically allege fraud in his initial complaint, he did assert allegations of "misrepresentations."  These allegations should have alerted defendants to the possibility that LeBlanc might assert a fraud claim. Thus, they will not be prejudiced by the amendment.

In any event, when a party has failed to plead fraud with sufficient particularity, the court will generally permit leave to amend to bring the complaint into compliance with the requirements of Rule 9(b). *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986) ("Complaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend."); *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 743 (S.D.Tex. 1998) (citation omitted). In fact, "a court's discretion to dismiss a pleading without affording leave to amend is restricted by Rule 15(a), which directs that leave to amend shall be freely given when justice requires....". *Luce*, 802 F.2d at 56 (*citing* 2 Moore's Federal Practice § 9.03[4] (3d.ed.1997)).

Here, LeBlanc sought to amend his complaint just two months after the original pleading was filed. To prove his case, plaintiff will undoubtedly rely on the same facts, and his evidence of fraud will consist of the same allegedly false statements made by Duck on discernible dates. *See U.S. ex rel., Bonin v. Community Care Center of St. Martinville, L.L.C.,* 2008 WL 2113055, 5 (W.D. May 16, 2008) (Doherty, J). Thus, there will be no undue delay by allowing the filing of this amendment.

Defendants argue that this Court should not allow amendment of the complaint because LeBlanc's claims are futile, given that his claims are perempted

under LA. REV. STAT. 9:5606. However, if LeBlanc sufficiently alleges fraud, then the peremptive period stated in § 9:5606 would not apply.

Even if substantial reason to deny leave exists, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave. *Jamieson,* 772 F.2d at 1208 -1209. For the reasons stated above, I find that permitting this amendment would not cause undue delay or prejudice, nor do I find that it was offered in bad faith or with a dilatory motive. In any event, defendants' opposition to the motion for leave is not the proper means of raising an exception to the Court's jurisdiction. Rather, the defendants should file an appropriate dispositive motion to resolve such issue.

### *Conclusion*

Based on the foregoing reasons, the Motion for Leave of Court to File First Amended and Supplemental Petition for Damages is **GRANTED**.

July 2, 2010, at Lafayette, Louisiana.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE