## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | | |
|---|---|---|
| KEITH LEBLANC | * | CIVIL ACTION NO. 10-0731 |
| VERSUS | * | JUDGE DOHERTY |
| NYLIFE SECURITIES, L.L.C., ET AL | * | MAGISTRATE JUDGE HILL |

## REASONS FOR RULING

Pending before the Court are the Motion to Stay Pending Arbitration filed by defendants, NYLIFE Securities, L.L.C., New York Life Insurance Company, and New York Life Insurance and Annuity Corporation (collectively, "NYLIFE"), [rec. doc. 22], and the Motion to Remand filed by plaintiff, Keith P. LeBlanc ("LeBlanc"). [rec. doc. 24].  For the following reasons, the motion to remand will be **GRANTED**.[1]

### *Background*[2]

On March 20, 2010, LeBlanc, filed a Petition for Damages against Mark Edward Duck ("Duck") and NYLIFE in the 15th Judicial District Court for the

---

[1]Because the undersigned finds that this Court lacks jurisdiction, it is unnecessary to consider the motion to stay.

[2] In deciding whether a party was improperly joined, the court resolves all contested factual issues and ambiguities of state law in favor of the plaintiff.  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

Parish of Lafayette, State of Louisiana.  LeBlanc alleges that while working for British Petroleum ("BP"), he established an Individual Retirement Account ("IRA"). In 2002, he began receiving long-term disability benefits ("LTD") from CIGNA Group Insurance Company ("CIGNA") based on a medical condition which precluded him from being able to work.

In May, 2005, he met with Duck, an agent/broker with NYLIFE, who solicited him to rollover his IRA account with BP into a NYLIFE IRA.  LeBlanc alleges that during these meetings, Duck told him that rolling over the BP IRA into the NYLIFE IRA would not terminate his LTD benefits through CIGNA.  On June 6, 2005, LeBlanc executed a NYLIFE IRA application based on Duck's representations.

After the rollover occurred, CIGNA continued to make LTD payments for several years.  However, on August 21, 2009, CIGNA sent LeBlanc a letter demanding reimbursement of $66,484.95, representing the LTD benefits paid to him from August 2005 to August 2009, due to the rollover from the BP account to the NYLIFE account.  CIGNA also advised that it was terminating all future benefits, totaling $83,048.00, that LeBlanc would have received until age 65, had he not moved his IRA.

2

On March 26, 2010, LeBlanc filed suit in state court seeking money damages from defendants totaling over $232,417.42 for his alleged losses due to the required reimbursement of his LTD to CIGNA, loss of future benefits, and penalties for early withdrawals from his IRA.  His original petition alleged that such damages were caused by the negligence and/or fault of Duck and NYLIFE.

On April 29, 2010, NYLIFE removed the action to this Court on the basis of diversity jurisdiction, contending that Duck had been improperly joined.  On May 28, 2010, LeBlanc filed a Motion for Leave of Court to File First Amended and Supplemental Petition for Damages, in which he added allegations of fraud and stated with more particularity his claims as to the type of variable annuity he purchased.  [rec. doc. 9].  The undersigned granted the motion to amend the complaint.  [rec. doc. 20].

On July 6, 2010, NYLIFE filed a Motion to Stay Pending Arbitration. [rec. doc. 22].  The next day, LeBlanc filed a motion to remand.[3]  [rec. doc. 24].  Oral argument was held on these motions, after which the undersigned took the motions under advisement.

---

[3] Issues of whether the parties will be compelled to arbitration based on contract interpretation, or whether a party has waived its right to arbitrate are based on the merits, are inapplicable to the decision on the motion to remand, and are more appropriate for presentation in a subsequent motion.  *See Pioneer Natural Resources, U.S.A., Inc., v. Zurich American Ins. Co.*, 2009 WL 362030 (M.D. La. Feb. 10, 2009).

### *Analysis*

The first issue for the Court to decide is whether the Court has jurisdiction based on the face of the pleadings and removal documents. This case was removed on the grounds of diversity jurisdiction.  Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. When original federal jurisdiction is based on diversity, however, a defendant may remove only "if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought."  (emphasis added).  28 U.S.C. § 1441(b).

In this case, LeBlanc and the individual defendant, Duck, are both citizens of Louisiana. When defendants removed LeBlanc's claim, they contended that removal was nonetheless proper, asserting that Duck was improperly joined.

Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005).  To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a

4

cause of action against the non-diverse party in state court.  *Gasch v. Hartford Acc*

*& Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (*citing  Smallwood*  at 573)).

Here, the defendants rely on the second prong of this test.  Under the second

prong, the court must determine whether there is "no reasonable basis for the

district court to predict that the plaintiff might be able to recover against an

in-state defendant."  *Id.* at 281 (*citing  Smallwood,* 385  F.3d at 573).  If the court

is unable to conclude that there is no reasonable basis to predict that the plaintiff

could recover from Duck,  removal was improper, this Court does not have

jurisdiction, and remand is required.  The burden of proof is on the removing

party.  *Gasch*, 492 F.3d at 281 (*citing Guillory*, 434 F.3d at 308)).  The removal

statute is strictly construed, and any doubt about the propriety of removal must be

resolved in favor of remand.  *Id.*

NYLIFE contends that removal was proper (and therefore remand is

improper) because LeBlanc cannot establish a cause of action against Duck.

NYLIFE argues this is the case because: (1) plaintiff's negligence claims are

perempted by La. R.S. 9:5606[4], and (2) plaintiff's newly-added fraud claim fails to

---

[4]A. No action for damages against any insurance agent, broker, solicitor, or other similar
licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out
of an engagement to provide insurance services shall be brought unless filed in a court of
competent jurisdiction and proper venue within one year from the date of the alleged act,
omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is
discovered or should have been discovered. However, even as to actions filed within one year

5

state a cause of action and is time-barred by LA. CIV. CODE art. 3492.[5]

When determining whether there is a reasonable basis to predict the plaintiff might recover against the forum defendant, a court first looks to the allegations of the complaint to determine whether it states a claim against the in-state defendant. *Smallwood*, 385 F.3d at 573; *Chhetri v. Wal-Mart Stores, Inc*., 2009 WL 6056530, *3 (W.D. La. Nov. 5, 2009).  A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6).  *Boone v. Citigroup, Inc*., 416 F.3d 382, 388 (5th Cir. 2005).

Here, the original complaint was filed in state court on March 26, 2010, alleging negligence against all defendants.  [rec. doc. 1, Exhibit A,  ¶¶ 22-25].  In that pleading, LeBlanc made specific allegations as to Duck's fault, including the fact that Duck had made "misrepresentations" to LeBlanc.  [rec. doc. 1, Exhibit 22, ¶ 22].  On July 2, 2010, LeBlanc filed his amended complaint to add specific

---

from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

This statute further provides that:

C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

[5]LA. CIV. CODE art. 3492 provides: [d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.

allegations of fraud, and to clarify that the variable annuity product he purchased was not an insurance product, but was, rather, an annuity dependent upon the performance of mutual funds.  [rec. doc. 21].

Of course, the Court determines diversity jurisdiction based on the claims in plaintiff's petition at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263-64 (5th Cir. 1995).  Thus, only the claims under the original complaint will be considered for purposes of this motion.

NYLIFE argues that LeBlanc's claims are perempted by LA. REV. STAT. § 9:5606 as they arise out of an engagement to provide insurance services.  In response, LeBlanc asserts that Duck was not acting as an "insurance agent", but was rather acting as a "financial services provider" and stockbroker selling a security; thus, Duck argues that § 9:5606 is inapplicable.  [rec. doc. 37, pp. 3-8].

Whether the district court has jurisdiction is determined from the "face of the plaintiff's well-pleaded complaint" – from the pleading itself, without the requirement of evidence or a merits inquiry.  *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002) (*citing Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)).

Based on a review of the original complaint, LeBlanc stated specific negligence claims against NYLIFE Securities, L.L.C., New York Life Insurance

Company, New York Life Insurance and Annuity Corporation, and Duck.[6]  [rec. doc. 1, Exhibit A, ¶¶ 22-25].  LeBlanc asserts that he had meetings with Duck starting in May, 2005, completed the necessary paperwork to rollover his BP IRA in June, 2005, and received LTD benefit payments after the rollover occurred until he received the letter from CIGNA in August, 2009, informing him that he owed reimbursement of the LTD payments in the amount of $66,484.95.  [rec. doc. 1, Exhibit A, ¶¶ 8-16].

LeBlanc argues that Duck "knew or should have known" that he had to confirm or clear with BP or CIGNA that the rollover would not adversely affect the BP IRA and/or the LTD benefits prior to making any sales or recommendations to LeBlanc. [rec. doc. 1, Exhibit A, ¶ 21].  These representations did not only relate to the specific product that Duck was trying to sell LeBlanc, but, rather, also related to the effect of any such sale on the LTD benefits that LeBlanc was receiving from CIGNA.  Thus, the real complaint that LeBlanc has is that Duck failed to properly research the provisions of the CIGNA disability policy, or failed to inform him of the effect on the CIGNA policy of his NYLIFE purchase.  Depending on Duck's knowledge at that time, this could constitute

---

[6]Louisiana's negligence article, LA. CIV. CODE art. 2315, provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

fraud.

LeBlanc then goes on to allege that he was damaged by Duck's fault, consisting of the following non-exclusive particulars: failing to properly inform potential and/or current clients; making representations to potential and/or current clients; conducting an IRA rollover in a careless manner; failing to act in a reasonable and prudent manner; failing to do what should have been done in order to avoid the repayment of four years of LTD benefit payments; failing to do what should have been done in order to avoid the loss of eligibility for future LTD benefit payments; failing to make the proper recommendations to prevent the penalties for withdrawing from his IRA before the age of 65; failing to make the proper recommendations to prevent the loss of the tax-free benefits from the LTD payments, and failing to make the proper recommendations to prevent the loss associated with the growth in his IRA portfolio. [rec. doc. 1, Exhibit A, ¶ 22].

All of the alleged transactions between LeBlanc and Duck occurred more than one year before suit was filed.  However, LeBlanc argues that the one-year peremptive period under § 9:5606 does not apply, because Duck was not acting in the capacity of an "insurance agent" providing "insurance services", but rather, was acting as a "stockbroker/financial advisor" selling "securities."  [rec. doc. 37, p. 3].

9

Whether or not Duck was acting as an "insurance agent, broker, solicitor, or other similar licensee", as well as whether or not this action arose out of "an engagement to provide insurance services", is a question of fact, and, thus, requires further factual development to determine.  A meritless claim against an in-state defendant is not the equivalent of improper joinder.  *Gasch*, 491 F.3d at 284 (*citing Smallwood*, 385 F.3d at 753) ("the focus of the inquiry must be on the joinder, not on the merits of the plaintiff's case").   If the plaintiff has *any possibility* of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.[7]  *Burden v. General Dynamics Corp*., 60 F.3d 213, 217-18 (5th Cir. 1995).

At this point, the undersigned cannot determine whether Duck was acting as an "insurance agent", or whether he was engaged in providing "insurance services", within the meaning of § 9:5606.   It may be that, as a matter of fact, LeBlanc's complaints relating to Duck's actions were not relating to "insurance services".  The undersigned expresses no opinion in that regard, simply holding here that, at this stage of the proceedings, this possibility cannot be foreclosed.

---

[7]*See Fidelity Homestead Ass'n v. Hanover Ins. Co*., 458 F.Supp.2d 276, 280-81 (E.D. La. 2006) (possibility that insured reasonably relied on representations made by insurance agents, such that insured's failure to discover coverage gaps in policy language during the peremption period under § 9:5606 might be excused, precluded determination that agents were fraudulently joined in coverage suit).

Therefore, based on the allegations in the complaint at the time of removal, and not on the merits of the case, the undersigned finds that LeBlanc has stated a cause of action against Duck which the court cannot conclude has no possibility under state law of allowing recovery against Duck.

Accordingly, I find that Duck was properly joined as a defendant, this court does not have jurisdiction, and remand is required.

Alternatively, LeBlanc argues that under the "common defense" rule enunciated in *Smallwood*, *supra*, this case must be remanded. *Smallwood II* held that "when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant equally disposes of all defendants, there is no improper joinder[.]" 385 F.3d at 571.

As the Fifth Circuit explained, its holding in *Smallwood II* is narrow, applying "*only* in that limited range of cases where the allegation of improper joinder rests *only* on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and *that* showing is *equally* dispositive of *all* defendants." 385 F.3d at 576 (emphasis added); *see also id.* at 574 ("when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the

plaintiff to recover against the in-state defendant *necessarily compels* the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit") (emphasis added).

Since the undersigned has concluded that joinder of Duck was proper, and that therefore remand is required, the undersigned will not address this alternative argument in favor of remand.

### *Conclusion*

For the foregoing reasons, the Motion to Remand will be **GRANTED** by separate order .

December 30, 2010, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

12