UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| KEITH LEBLANC | * CIVIL ACTION NO. 10-0731 |
| VERSUS | * JUDGE DOHERTY |
| NYLIFE SECURITIES, L.L.C., | * MAGISTRATE JUDGE HILL |

MEMORANDUM RULING ON MOTION FOR ATTORNEY FEES

On December 30, 2010, the undersigned ordered this case remanded to state court for reasons assigned on that same date. [Record documents 50 and 51]. The Order was stayed for a period of 15 days to allow the defendant to appeal the Order to the District Judge. It has come to the attention of the Court that the plaintiff, in addition to requesting a remand of this case, also requested attorneys fees, alleging that the remand motion was improper. [Record document 24].

28 U.S.C. § 1447(c) provides for an award of costs, expenses and attorney's fees against a removing defendant. This Court has discretion to award costs and expenses, including attorney's fees, incurred as a result of improper removal. *Martin v. Franklin Capitol Corp*., 546 U.S. 132, 126 S.Ct. 704, 709 (2005); *Allstate Insurance Company v. Ford Motor Company*, 955 F.Supp. 667, 670 (W.D. La. 1996). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 126 S.Ct. at

711 *citing Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 541 (5th Cir. 2004) and *Valdes v. Walmart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000). Under the circumstances presented in this case, the undersigned cannot find that the removal in this case was objectively unreasonable. Accordingly, plaintiffs' request for costs, expenses and attorney fees is **denied**.

January 3, 2011, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE